## INJURED THROUGH THE CARELESSNESS OF A DRUNKEN DRIVER.

Circuit Court of Cuyahoga County.

HENRY FLANDERMYER V. HELENA URBANOWITZ ET AL.*

Decided, February 11, 1907.

*Joint Tort Feasors—Drunken Companion Not Liable for Carelessness of a Driver.*

An intoxicated person is not liable for an injury caused by the negligent driving of a horse and buggy by a drunken companion with whom he had spent the day riding and drinking; they are not engaged in a joint undertaking.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Helena Urbanowitz, a minor, by her next friend brought suit against Henry H. Flandermyer and Henry Wolkensdorfer, charging that the defendants by their negligence on the second day of May, 1905, on Clifton street, in the city of Cleveland, drove a horse attached to a buggy in such wise as to collide with and greatly injure her, and she prays for judgment against them.

The facts are that on the day named Flandermyer and Wolkensdorfer started out together with a horse and buggy belonging to said Wolkensdorfer. They drove about the city of Cleveland, stopping at various places to drink intoxicants until they both became intoxicated. At the drinking places where they stopped each treated the other to liquor. All of the driving was done by Wolkensdorfer, the owner of the horse and buggy. Flandermyer rode with him in his buggy. Flandermyer had no control of the turnout in any wise. Wolkensdorfer drove as a drunken man would be likely to drive and, by his careless and negligent driving, drove against and injured this girl. Flandermyer was in no condition to have bettered the

---

*Affirmed without opinion, *Urbanowitz* v. *Flandermeyer et al*, 79 Ohio State, 450.

manner of driving if he had interfered. As a matter of fact he did not interfere. In the court below a recovery was had against both Flandermyer and Wolkensdorfer, and it is urged here that this judgment should be sustained, because Flandermyer is not excused from the performance of any duty by reason of his intoxication. Suppose this to be true, what duty did he owe to this girl for the failure to perform which he would be liable in damages to her if she was injured? It may be that if one sees another in a place of peril from which he can rescue such other, and he fails to do it, he may become liable. On this we express no opinion; but even though that be true, yet if the party who sees the one in peril and who is thus in peril through no fault of his, is too drunk to render assistance, it can hardly be claimed that he thereby becomes liable for the injury to such other person. Suppose a child falls into a pool of water in the presence of a bystander, through no fault of such bystander but under such circumstances as that the bystander, if in possession of all his faculties could readily rescue the child, and he does nothing to effect such rescue, possibly he would be liable in damages. Can it be said that if such bystander is so drunk that he is without the power to rescue the child, he should be held liable in damages for failure to make the rescue?

True, for any injury inflicted by himself upon the child his drunkenness is no excuse, but can it be held that his failure to rescue the child because of drunkenness is not excused?

The court in this case charged the jury that if the defendants were engaged in a joint enterprise, then the act of each was the act of both, in so far as the acts were performed in pursuance of this joint enterprise.

If the facts had warranted such a charge as this, the law was doubtless properly stated, but it had no application to this case. These parties were not in contemplation of law engaged in a joint enterprise simply because Flandermyer was riding with Wolkensdorfer in Wolkensdorfer's buggy and they each contributed to the drunkenness of the other, so that they both became drunk, and Wolkensdorfer negligently drove his horse to the injury of this child.

The judgment of the court of common pleas against Flander-myer is reversed, because the verdict was against the evidence, and because the charge was misleading, in so far as it discussed the liability of those engaged in a joint enterprise.    The motion for a new trial should have been sustained on both of these grounds.